ELECTRONICALLY FILED
2018 Sep 06 11:34 AM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JOHN DOE,

    Plaintiff,

vs.

SHELBY COUNTY GOVERNMENT,
CHIEF KIRK FIELDS, Interim Director
Shelby County Jail, UNKNOWN JAILER 1,
and FLOYD BONNER, current Sheriff of Shelby
County, as Successor to BILL OLDHAM,
Individually and in their official capacities.

    Defendants.

Case No. _CT-004068-18_____

Jury Trial Requested

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND FOR VIOLATIONS UNDER THE TENNESSEE GOVERNMENTAL TORT LIABILITY ACT

COMES NOW THE PLAINTIFF, by and through undersigned counsel of record, who complains in tort, pursuant to the Governmental Tort Liability Act and pursuant to 42 U.S.C. 1983 against the Defendant Shelby County Government and Floyd Bonner, successor to Bill Oldham, Sheriff, Shelby County and in support thereof would state as follows:

### PRELIMINARY STATEMENT
### I.    Introduction

This is a civil rights case arising from the forcible rape of the plaintiff by a known violent inmate known to the sheriff and his warden as such, at the Shelby County Jail, in Memphis, Tennessee. Plaintiff, JOHN DOE, (a pseudonym used for purposes of this lawsuit due to the sensitive and confidential nature of this lawsuit, as it involves the rape of the Plaintiff) brings this suit under 42 U.S.C. § 1983 for violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and Tennessee state law, namely the Governmental Tort Liability Act, seeking compensatory damages, punitive damages, and attorney's fees.

**COLLECTIVE EXHIBIT A**

## II. Jurisdiction and Venue

2. This action is brought pursuant to 42 U.S.C. §1983 and is premised on the Fourth and Fourteenth Amendments to the United States Constitution. This Court has concurrent subject matter jurisdiction of the federal questions presented pursuant to T.C.A. 16-10-101.

3. This Court has original jurisdiction over Plaintiff's Governmental Tort Liability claims pursuant to 29-20-307, et. al.

4. Venue is proper in this Court and Division, because the events giving rise to this action occurred in, and the Defendant is located in Shelby County, Tennessee in the Thirtieth Judicial District at Memphis.

## III. Parties

5. Plaintiff, JOHN DOE, is an adult resident of Tennessee. He brings this suit in his individual capacity. He is currently incarcerated at the Shelby County Jail in Memphis Tennessee. Before his incarceration, he was a resident of Shelby County, Tennessee. He is in a class of persons for whom a consent decree has been entered into by Shelby County Government, concerning the treatment of persons incarcerated in Shelby County Jail and entered into for the purposes of preventing jail rape.

7. Defendant Floyd Bonner, Shelby County Sheriff, is located in Shelby County, Tennessee and is the elected Sheriff with final decision and policy making authority for the operations at the Shelby County Jail. At the time of the incident in question which forms the basis for this lawsuit, the Shelby County Sheriff was Bill Oldham. At all times herein, each defendant acted under color of authority under state law.

8. Defendant UNKNOWN JAILER 1 ( a pseudonym for the unidentified jailer responsible for supervision of the Pod where the Plaintiff was incarcerated) is an employee of Shelby County Government, responsible for the intake and classification of pretrial detainees at the Shelby County

Jail, pursuant to the policy and practice of Shelby County Government. At all times herein, each defendant acted under color of authority under state law.

9. Defendant Chief Kirk Fields, is the interim director of the Shelby County Jail, responsible for the supervision of the implementation of the Little Consent Order, the Prison Rape Elimination Act and the policies and procedures of Shelby County regarding the intake and classification of pretrial detainees at the Shelby County Jail. At all times herein, each defendant acted under color of authority under state law.

10. Defendant Shelby County Government is a political subdivision of the State of Tennessee and is subject to the Tennessee Governmental Tort Liability Act.

## IV. Statement of Facts

11. On or about May 15, 2018, Plaintiff JOHN DOE was arrested on the charge of criminal attempt burglary. He was on probation at the time of his arrest, and therefore was subjected to an additional charge of violation of probation. As a result of his arrest, he was housed at the Shelby County Jail, located at 201 Poplar Avenue, Memphis, Tennessee. He has not been tried in regard to the criminal attempt burglary charge, and upon information and belief, the Plaintiff would aver that said charge has been dismissed.

12. In June 2018, the Plaintiff was sexually assaulted by another inmate, Rashan Jones. Jones has a history of violence and was incarcerated for carjacking and armed robbery. Upon information and belief, inmate Jones was housed in a cell with the Plaintiff based upon the actions of John Doe Jailer, who was implementing the policy constructed by Shelby County regarding Prison Rape Elimination Act. These acts were carried out under the supervision of Interim Director Kirk Fields, and implemented by Sheriff Bill Oldham.

13. Plaintiff JOHN DOE is what is called a "High Risk Sexual Victim" under the Prison Rape Elimination Act, the Federal Statute governing sexual violence in jails and prisons. This means that because of his age (21), his size (5' 4", 125 lbs.), and his mental makeup, he is at a high risk of being a victim of sexual violence in prison. Special care must be taken to protect these High Risk Sexual Victims from the High Risk Sexual Predators found in prison. Upon intake, the Shelby County Jail's staff interviews prisoners and categorizes them according to their status regarding sexual violence. Upon information and belief the Plaintiff would aver that UNKNOWN JAILER 1 conducted this screening. Based upon this screening, the Defendants knew or should have known, that the Plaintiff was at risk to be placed in a cell, without meaningful supervision for long periods of time, with inmates such as Rashawn Jones.

14. The Plaintiff has a history of mental illness, namely suicidal ideations and severe depression. As a result of this assault the Plaintiff was remanded to protective custody. His previous mental difficulties have been made unimaginably worse, due to the sexual assault he suffered at the hands of inmate Jones. As a result of this assault, the Plaintiff has been required to receive counseling and therapy in jail to address the psychological problems caused by this assault. He has also received treatment for hepatitis and anti-HIV medications, although it is unknown at this time if he has contracted either of these diseases as a result of this assault.

<u>Shelby County's Knowledge of the Risk of Sexual Assault at the Shelby County Jail.</u>

15. Plaintiff JOHN DOE avers that the Defendant, Shelby County Government was well aware before June 2018 that there was a serious and long standing problems with violence, gangs and rape at the Shelby County Jail. This knowledge has been well documented over the course of at least the last 18 years. For example, in January 23, 2001, an article was published entitled "The

Jail from Hell".[1] In that article, it clearly spelled out what was known regarding the dangers of the Shelby County Jail.

16. Another article from 2008 specifically quotes the Shelby County Sheriff as saying: "we know there is a problem with sex in the jail".[2] Luttrell specifically noted that: "We know there's a problem with sex in the jail, but we're enhancing supervision and sanctioning those committing the problem. We're following closely the protocol by the Shelby County Health Department (if a rape occurs)," he said.

17. Another article from December 12, 2001[3] makes this point abundantly clear:

> ".. No one wants to be taken to the Shelby County jail. Not just because the noise is incessant, the cells overcrowded, or the smell physically assaulting. No, if you're there, you're in a world of trouble and not just because you've most likely broken the law.
>
> For the past few years, the jail has struggled with the apparent lawlessness of the inmates housed within its walls. It was decertified in 1991. An investigation by the U.S. Department of Justice found that conditions there violated the constitutional rights of the inmates. Currently embroiled in a federal case to clean up violence, the jail also has a growing number of civil rights cases filed against the lawmakers and administrators who run it.
>
> Joseph Liberto filed suit after spending 36 hours in the facility last year; he says he was assaulted and raped with a spoon. Manuel Gonzalez Jr. has filed a lawsuit as well, saying that his jaw was fractured by an inmate when he refused to participate in Thunderdome, the wrestling-style fights gang members stage for entertainment. And the family of Kenny Adams, a 32-year-old retarded man who was mistakenly housed with violent inmates then beaten and sodomized, expects to file suit soon…"

18. This reputation of the Shelby County Jail, long ago documented, played out in a similar horrific fashion for the Plaintiff. After only 1 week being incarcerated in this facility, the plaintiff was subjected to a violent sadistic sexual attack from another inmate.

---

[1] https://www.salon.com/2001/01/23/memphis_2/
[2] http://novella.freshbits.com/2008/12/tri-state-defender-aids-activist.html
[3] https://www.memphisflyer.com/memphis/an-inside-job/Content?oid=1107724

19. The June 2018 rape of the Plaintiff occurred in F Pod at night. Inmate Jones had previously threatened the Plaintiff and had bragged that "he had a murder charge" in order to make the Plaintiff fear him. Jones also bragged about being a gang member, while the Plaintiff is unaffiliated. Jones then later then attempted to give the Plaintiff drugs and demanded payment. When this failed, Jones then threatened an assault of the Plaintiff and then followed through on that threat in June 2018. On the night of the assault, a woeful lack of supervision existed. no jailers came by the cell. No patrols of the cell block where a jailer could obtain a "line of sight" view of the inside of the Plaintiff's cell occurred. As a result, Jones had ample time and opportunity to complete his rape of the Plaintiff. After the assault the Plaintiff was able to alert medical staff and was then placed in protective custody. Since that time the Plaintiff has had to undergo counseling, HIV and Hepatitis treatment. He has suffered extreme emotional and mental distress and fear.

## CAUSES OF ACTION
### First Claim for Relief
42 U.S.C. § 1983 against Defendant Interim Director Kirk Fields.

20. Defendant Interim Director Kirk Fields, John Doe Jailer, and Sheriff Bill Oldham ( and his successor, Floyd Bonner, all knew that each of them had a legal obligation to protect plaintiff and other prisoners from assault and sexual attack and knew or should have known that his actions and omissions created a substantial risk of serious injury to Plaintiff. Defendant, UNKNOWN JAILER 1 acted with a deliberate indifference to JOHN DOE's personal safety and federally protected rights when he housed the violent prisoner Jones in a cell with the Plaintiff. Defendant Interim Director Kirk Fields acted with a deliberate indifference to the federally protected rights of the Plaintiff when he allowed for minimal night patrols of the cells which housed the Plaintiff, during which time there was a fundamentally inadequate amount of supervision. This act then resulted in

giving the violent predator inmate Jones sufficient time to complete his assault without fear of interruption and discovery. Defendant Sheriff Bill Oldham acted with a deliberate indifference to the federally protected rights of Mr. JOHN DOE by failing to ensure that the jail, which was being operated under his direct supervision had adequate patrols of the cells which would have ensured that the jail's operations complied with the PREA ( Prison Rape Elimination Act) and the policy of Shelby County. In addition, Defendant Interim Director Kirk Fields acted with deliberate indifference to Mr. JOHN DOE's personal safety and federally protected rights, by failing to protect him from substantial risk of serious harm, by failing to ensure that employees working under his direct supervision implemented the jail reforms agreed to in the Little v. Shelby County Consent Order, and required by the actual policy of Shelby County Government regarding prison rape, all in violation of the Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

21. As a result of each and every one of the acts committed by each of the individually named Defendants, the Plaintiff has suffered damages, enumerated specifically later in this complaint.

## THE GOVERNMENTAL TORT LIABILITY CLAIM OF THE PLAINTIFF AGAINST SHELBY COUNTY GOVERNMENT

22. All of the acts complained of herein were committed by persons who at all times were acting within the scope of their employment with Shelby County Government.

23. On information and belief, the Interim Director and his staff knew or should have known that they were putting a non-gang affiliated vulnerable inmate with a history of mental impairment in a same cell as Rashawn Jones, a man wanted for armed robbery and carjacking, violent crimes. On information and belief, neither the Director, his staff or the Sheriff took any steps to protect Plaintiff from Jones. This is in violation of well-established prison regulations and best practices.

24. On information and belief, the Sheriff and the Interim Director knew or should have known that vulnerable detainees like JOHN DOE are at an increased risk of sexual assault from the general population, yet the Interim Director and the Sheriff took no steps to protect this plaintiff from sexual assault from Jones, placing plaintiff in a two-man cell with a violent detainee.

25. On information and belief, the Director and the Sheriff knew or should have known, based on his position and training, that Eisley was a sexual predator, and was therefore a heightened threat of sexual assaulting vulnerable inmates, like a young, underweight slightly mentally handicapped Plaintiff. As a result of the foregoing, these Defendants had a duty to take all acts reasonably possible to prevent jail sexual assaults of inmates like the Plaintiff.

26. All of the employees of Shelby County government breached the duty of care owed to the Plaintiff in this case by failing to supervise inmates at the Shelby County Jail properly and adequately. They breached the duty of care by failing to monitor the activities of Rashawn Jones as he raped the Plaintiff. They also breached the duty of care owed to the Plaintiff by failing to properly screen the Plaintiff and Rashawn Jones, and by placing them in a cell together after that inadequate screening. As a result of the aforementioned breaches of the duty of care the Plaintiff suffered damages as listed below:

## DAMAGES

As a result of the aforementioned breaches of duties owed to the Plaintiff, committed by each and every one of the Defendants, as well as a result of the violations of the Plaintiff's rights under the Eighth and Fourteenth Amendments of the Constitution of the United States, the Plaintiff has suffered damages, which include but are not limited to:

A. Extreme psychological harm, mental anguish and trauma from a sexual attack, past, present and future;

B. Physical pain and suffering from being sodomized; past, present and future;

C. Extreme fear of contracting a fatal disease from the rape; which will require expensive life sustaining medicine for the rest of his life;

D. Plaintiff seeks punitive damages against Interim Director Fields and Sheriff Bill Oldham, and/or his successor, Floyd Bonner, for willful indifference to his federally protected rights to be free from rape and assault in prison, as well as being infected with HIV or Hepatitis.

E. Plaintiff seeks judicial interest, reasonable attorney's fees and interest on attorney's fees pursuant to 42 USC 1988, et seq., in addition to damages.

## DEMAND FOR JURY TRIAL

The plaintiff requests a trial by jury.

RESPECTFULLY SUBMITTED,

_____
CURTIS D. JOHNSON, JR.
TN Bar No. 015518
Attorney for the Plaintiff
Suite 1002, 1407 Union Avenue
Memphis, Tennessee 38104
Telephone: (901) 725-7520
Facsimile: (901) 725-7570
cjohnson@johnsonandbrownlaw.com

4

| (CIRCUIT/CHANCERY) COURT OF TENNESSEE | ELECTRONICALLY FILED |
| --- | --- |
| 140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103 | 2018 Sep 06 11:34 AM |
| FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS | CLERK OF COURT |

## SUMMONS IN CIVIL ACTION

Docket No. CT-004068-18

☉ Lawsuit
○ Divorce

Ad Damnum $10,000,000.00

**JOHN DOE**

FILED
SEP 11 2018
CIRCUIT COURT CLERK
BY _____ D.C.

VS

SHELBY COUNTY GOVERNMENT,
CHIEF KIRK FIELDS, interim director,
Shelby County Jail, UNKNOWN JAILER 1
and FLOYD BONNER, ( current sheriff of
Shelby County, as successor to BILL OLDHAM)
individually, and in their official capacities

Plaintiff(s)                           Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

SHELBY COUNTY GOVERNMENT,
160 N. Main Bldg.
Memphis, Tennessee 38103
Please serve the Shelby County Attorney or
Designated Agent for Service of Process

Method of Service:
☉ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
☉ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Curtis D. Johnson Jr. Plaintiff's attorney, whose address is Suite 1002, 1407 Union Avenue, Memphis, Tennessee 38104 telephone 901-725-7520 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____   By _____, D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master   By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __10th__ day of __September__, 20__18__ at __3:20 P.__M. a copy of the summons and a copy of the Complaint to the following Defendant __Shelby County Govt.__ at __160 N. Main Bldg., Memphis, TN 38103 (9th floor)__

X __/s/ JM Jones__　　　　　　　　　　　　　　By: __/s/__
Signature of person accepting service　　　　　　　Sheriff or other authorized person to serve process

John Marshall Jones
Asst. County Atty.

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

Elite Professionals
P.O. Box 38051
Germantown, TN 38183
(901) 512-9239
Eliteprofessionals@outlook.com

## Affidavit of Service

State of Tennessee
County of Shelby

I, <u>Michael Willis,</u> first being duly sworn, make an oath that I personally served the following representative with a copy of the **Summons in Civil Action** issued by the State of Tennessee 30th Judicial District Circuit Court.

| | |
|---|---|
| **Case Number:** | <u>CT-004068-18</u> |
| **Plaintiff:** | <u>John Doe</u> |
| **Defendant:** | <u>Shelby County Government, Chief Kirk Fields, Interim director, Shelby County Jail, Unknown Jailer 1 and Floyd Bonner, (current sheriff of Shelby County, as successor to Bill Oldham) individually, and in their official capacities)</u> |
| **Person Served:** | <u>John Marshall James</u> *(Asst. County Atty.)* |
| **Date & Time Served:** | <u>September 10th, 2018 at 3:20 p.m.</u> |
| **Address Served:** | <u>160 N. Main Bldg., Memphis, TN 38103</u> *(9th floor)* |

I have served said **Summons in Civil Action** in compliance with all the laws of the State of Tennessee and the rules of the 30th Judicial District Circuit Court. I have further notified the Summoned that this matter requires action with-in 30 days upon served. **Summons served** on <u>September 10th, 2018</u> at <u>3:20 p.m.</u>
   Date             Time
_____
Michael Willis, Server
PPS # B-0937
<u>7847 S. Gardner Manor #101, Memphis, TN 38125</u>
Address
<u>(901) 512-9239</u>
Phone

_____ Notary

Sworn to and Subscribed to me on this ____<u>11th</u> day of ___<u>September</u>___ 2018

Expires: <u>April 26, 2020</u>

(Notary seal: PAMELA SANDERS, STATE OF TENNESSEE NOTARY PUBLIC, SHELBY COUNTY, MY COMMISSION EXPIRES APRIL 26, 2020)

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2018 Sep 06 11:34 AM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. CT-004068-18

☑ Lawsuit
☐ Divorce

Ad Damnum $ 10000000

**Plaintiff(s):** JOHN DOE

**Defendant(s):** SHELBY COUNTY GOVERNMENT, CHIEF KIRK FIELDS, interim director, Shelby County Jail, UNKNOWN JAILER 1 and FLOYD BONNER, ( current sheriff of Shelby County, as successor to BILL OLDHAM) individually, and in their official capacities

TO: (Name and Address of Defendant (One defendant per summons))
FLOYD BONNER
Sheriff Shelby County
201 Poplar Avenue
Memphis, Tennessee 38103

**Method of Service:**
☐ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☑ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Curtis D. Johnson Jr. Plaintiff's attorney, whose address is Suite 1002, 1407 Union Avenue, Memphis, Tennessee 38104 telephone 901-725-7520 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____ By _____, D.C.

**TO THE DEFENDANT:**

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20___

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master   By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __19th__ day of __September__, 20_18_ at __11:50__ A. M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____
Signature of person accepting service

By: _____
Sheriff or other authorized person to serve process

Michael Willis   B-0937
901-512-9239

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process