IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 2:18-cv-02637-JPM/tmp |
| SHELBY COUNTY GOVERNMENT; | ) Jury Demanded |
| CHIEF KIRK FIELDS, | ) |
| Interim Director Shelby County Jail; | ) |
| UNKNOWN JAILER 1; and | ) |
| FLOYD BONNER, current Sheriff of | ) |
| Shelby County, as Successor to BILL | ) |
| OLDHAM, individually and in their | ) |
| official capacities, | ) |
| | ) |
| Defendants. | ) |

**ANSWER OF DEFENDANTS SHELBY COUNTY GOVERNMENT AND SHERIFF FLOYD BONNER TO COMPLAINT**

Defendants Shelby County Government and Sheriff Floyd Bonner[1] (collectively, "these Defendants") answer the Complaint filed by Plaintiff John Doe ("Plaintiff") (ECF 1-1), stating as follows:

<u>FIRST DEFENSE</u>

In response to the numbered paragraphs of the Complaint, these Defendants state as follows:

---

[1] To the best of undersigned counsel's knowledge, as of the filing of this Answer, Defendant Fields and Defendant Unknown Jailer 1 have not been served with process herein. Undersigned counsel has appeared on behalf of Defendant Fields.

1. Insofar as Paragraph 1 ("Preliminary Statement") makes any allegations, those allegations are denied. These Defendants deny further that any of the relief sought in Paragraph 1 is warranted.

2. Admitted only that the Court has subject-matter jurisdiction of this civil action, and that the case was properly removed to this Court from the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis.

3. Admitted only that the Court has subject-matter jurisdiction of this civil action, and that the case was properly removed to this Court from the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis.

4. Admitted only that venue is proper herein.

5. The first and second sentences of Paragraph 5 are admitted. The third sentence of Paragraph 5 is denied. The remaining allegations in Paragraph 5 are denied for lack of knowledge.

6. The Complaint has no Paragraph 6.

7. The first sentence of Paragraph 7 is admitted. As to the second sentence, it is admitted only that Bill Oldham was the Sheriff of Shelby County on or about May 15, 2018. The third sentence is denied for lack of knowledge.

8. The allegations in Paragraph 8 are denied for lack of knowledge.

9. As to the first sentence of Paragraph 9, admitted only that on or about May 15, 2018, Chief Fields was the Interim Jail Director and that he was responsible for ensuring that PREA guidelines and Shelby County Sheriff's Office policies were followed. The second sentence is denied for lack of knowledge.

10. The allegations in Paragraph 10 are admitted.

11. The first, second, and third sentences of Paragraph 11 are admitted. The remaining allegations in Paragraph 11 are denied for lack of knowledge.

12. The first sentence of Paragraph 12 is denied for lack of knowledge. The statements in the second sentence are based on unproven allegations and are denied for lack of knowledge. The third sentence is denied for lack of knowledge. The fourth sentence is denied.

13. Admitted only that the Shelby County Jail's staff interviews inmates to determine whether they are at a heightened risk as potential victims of assault. The remaining factual allegations against these Defendants are denied for lack of knowledge. The Prison Rape Elimination Act speaks for itself.

14. The first sentence of Paragraph 14 is denied for lack of knowledge. As to the second sentence, it is admitted only that Plaintiff was relocated to protective custody. The remaining allegations in Paragraph 14 are denied for lack of knowledge.

15. All allegations against these Defendants in Paragraph 15 are denied. The article from 2001 referred to in Paragraph 15 speaks for itself and is immaterial and impertinent to this lawsuit.

16. All allegations against these Defendants in Paragraph 16 are denied. The article and quote from former Sheriff Luttrell from 2008 referred to in Paragraph 16 each speak for themselves and are immaterial and impertinent to this lawsuit.

17. All allegations against these Defendants in Paragraph 17 are denied. The article from 2001 referred to in Paragraph 17 speaks for itself and is immaterial and impertinent to this lawsuit.

18. The first sentence of Paragraph 18 is denied. The second sentence of Paragraph 18 is denied for lack of knowledge.

19. It is denied that no supervision, or insufficient supervision, of the cells occurred. It is admitted that Plaintiff was relocated to protective custody. The remaining allegations in Paragraph 19 are denied for lack of knowledge.

20. The allegations against these Defendants in the first sentence of Paragraph 20 are denied. The second sentence is denied for lack of knowledge. The remaining allegations in Paragraph 20 are denied.[2]

21. The allegations in Paragraph 21 are denied.

22. The allegations in Paragraph 22 are denied for lack of knowledge.

23. The allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 are denied.

25. The allegations in Paragraph 25 are denied for lack of knowledge.

26. The allegations in Paragraph 26 are denied.

In response to the paragraph of the Complaint titled "Damages" and to the prayer for relief at the conclusion of the Complaint, these Defendants (a) deny that they are in any way liable, as alleged in the Complaint or otherwise, for the injuries

---

[2] Notwithstanding the reference to "Defendant Sheriff Oldham" in Paragraph 20 of the Complaint (or any other similar language elsewhere in the Complaint), Sheriff Oldham is not a named defendant in this lawsuit.

4

of Plaintiff, and (b) deny that Plaintiff is entitled to any recovery or relief from these Defendants, or either of them, as alleged in the Complaint or otherwise.

These Defendants hereby deny any allegation in the Complaint not previously admitted, denied, or otherwise explained.

### SECOND DEFENSE

To the extent the Complaint fails to state a claim upon which relief can be granted, the Complaint should be dismissed in whole or in part.

### THIRD DEFENSE

The actions, if any, of Sheriff Bonner or any other individual taken with respect to the Plaintiff, were taken in good faith, were taken within the course and scope of employment, were based on probable and reasonable cause, were those of an objectively reasonable law enforcement officer, were in accordance with the statutes and the common law of the United States of America and the State of Tennessee, and were in accordance with the Constitutions of the United States of America and the State of Tennessee.  Defendant Bonner and any other individuals therefore are entitled to qualified immunity under both federal and state law as to all claims alleged by Plaintiff.

### FOURTH DEFENSE

To any extent Plaintiff failed to file his Complaint within one (1) year of the the alleged incident, his claims under 42 U.S.C. § 1983 are barred by TENN. CODE ANN. § 28-3-104(a).

<u>FIFTH DEFENSE</u>

To the extent, if any, this action is governed in part by the provisions of the Tennessee Governmental Tort Liability Act, TENN. CODE ANN. §§ 29-20-101 *et seq.* ("GTLA"), these Defendants assert any and all defenses, immunities, and limitations available to them, or either of them, under the GTLA, including, without limitation, TENN. CODE ANN. § 29-20-205 (removal of immunity, and exceptions thereto) and § 29-20-305(b) (12-month statute of limitations).

WHEREFORE, having fully answered, these Defendants respectfully request that the Court dismiss this civil action in its entirety with prejudice, enter judgment in their favor, award them the costs, including reasonable attorney fees, that they have incurred and will incur in defending this case, and award them any other relief to which they are entitled.

Respectfully submitted,

*/s/ E. Lee Whitwell*
E. LEE WHITWELL (#33622)
lee.whitwell@shelbycountytn.gov
JOHN MARSHALL JONES (#13289)
JohnM.Jones@shelbycountytn.gov
SHELBY COUNTY ATTORNEY'S OFFICE
160 North Main Street, Suite 950
Memphis, TN 38103
(901) 222-2100
*Attorneys for Defendants Shelby County Government and Sheriff Floyd Bonner*

<u>Certificate of Service</u>

     I certify that a copy of the foregoing is being served on the following by first class United States mail, postage prepaid, this 1st day of October, 2018:

>Curtis D. Johnson, Esq.
>1407 Union Avenue, Suite 1002
>Memphis, TN  38104

>*/s/E. Lee Whitwell*

7